## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. BEAL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:23-cv-137 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| L. ESTOCK, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

### ORDER

Pending before the Court is Petitioner Thomas J. Beal's Motion for an Evidentiary Hearing (ECF 30.) In this motion, Beal argues that he is entitled to a hearing to introduce into the record a DVD of security footage of the grocery store that he was convicted of burglarizing (Pechin's Superfoods Market). According to Beal, the security footage on this DVD is different from the security footage that was admitted at his trial. (*Id.*; *see also* ECF 3 at pp. 5, 8; ECF 12; ECF 41 at p. 2.)

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Among other things, AEDPA put into place "even more 'stringent requirements'" regarding evidentiary development than those that were in place before its enactment. *Shinn v. Ramirez*, 596 U.S. 366, 381 (2022) (quoting *Michael Williams v. Taylor*, 529 U.S. 420, 433 (2000)).

AEDPA, as codified at 28 U.S.C. § 2254(e)(2), provides:

> *If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim* unless the applicant shows that–
>
> (A)    the claim relies on–
>
>    (i)        a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii)      a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)      the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(Emphasis added).

Thus, when a petitioner failed to develop the factual basis of claim in a state court proceeding, the district court cannot hold a hearing on that claim unless the petitioner shows that the claim at issue falls within either subsection (A)(i) or (A)(ii) and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense[,]" 28 U.S.C. § 2254(e)(2)(B). Importantly, a petitioner cannot avoid § 2254(e)(2) and its requirements by faulting his former PCRA counsel for failing to develop the evidence he now wants to present to support any of his federal habeas claims. *Shinn*, 596 U.S. at 380-83; *Williams v. Sup't Mahanoy SCI*, 45 F.4th 713, 720 (3d Cir. 2022).

When an evidentiary hearing is not prohibited by § 2254(e)(2), it is within the district court's discretion whether to hold one. *See, e.g., Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007); *Han Tak Lee v. Glunt*, 667 F.3d 397, 406 (3d Cir. 2012); *Palmer v. Hendricks*, 592 F.3d 386, 393-95 (3d Cir. 2010). In deciding whether to exercise that discretion, the district court "'must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Palmer*, 592 F.3d at 393 (quoting *Landrigan*, 550 U.S. at 474). "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008) (quoting *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)). Moreover, "if the

2

record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Palmer*, 592 F.3d at 393 (citing *Landrigan*, 550 U.S. at 474). "That is, even if the factual allegations in the habeas petition are sufficient to make out a prima facie claim for habeas relief, a district court may decline to convene an evidentiary hearing if the factual allegations are 'contravened by the existing record.'" *Id.* (citation omitted).

Here, Beal is at fault for failing to develop during a state court proceeding the factual basis of any claim based on the DVD at issue. Therefore, § 2254(e)(2) applies. Since Beal has not satisfied the criteria set forth in § 2254(e)(2)(A) and (B), the Court is prohibited from having an evidentiary hearing on the merits of any claim based upon the DVD. *See, e.g., Lewis v. Horn*, 581 F.3d 92, 105 (3d Cir. 2009) (petitioner not entitled to an evidentiary hearing because he "failed at every stage of his state court proceedings to develop the factual basis necessary to support this claim."); *Taylor v. Horn*, 504 F.3d 416, 437 (3d Cir. 2007) (affirming the district court's decision denying an evidentiary hearing under § 2254(e)(2) and explaining that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.")

In any event, in this case no development of the factual record on the merits of Beal's claims would result in habeas relief because, as the Court explains in the Memorandum also issued on this date, his claims are time-barred under AEDPA's one-year statute of limitations.

The Court recognizes that § 2254(e)(2) does not apply to an evaluation of whether to conduct an evidentiary hearing on a "gateway" actual innocence claim, which Beal makes in an

attempt to convince the Court that it should decide the merits of his time-barred claims.[1] *Cristin v. Brennan*, 281 F.3d 404, 413 (3d Cir. 2002).[2] The decision whether to do so is a discretionary one. *Id.* There is no basis for this Court to hold a hearing on the matter, however. As the Court explains in the Memorandum also issued on this date, the Court has assumed for the purposes of deciding Respondents' Motion to Dismiss only that the DVD at issue is authentic and has expanded the record so that the Court can consider it in under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Williams v. Woodford*, 384 F.3d 567, 590-91 (9th Cir. 2004) (expansion of the record under Rule 7 is a permissible step that may avoid the necessity of an expensive and time consuming evidentiary hearing); *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) (Rule 7 "can be used to introduce new factual information into the record in lieu of an

---

[1] A petitioner in a habeas case may argue that he has new evidence of his innocence that provides a "gateway" through which the court may consider his untimely federal habeas claims. *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *see also Schlup v. Delo*, 513 U.S. 298 (1995). This argument is commonly referred to as a "gateway" claim of actual innocence.

[2] In *Cristin*, the Court of Appeals for the Third Circuit concluded "that the plaining meaning of § 2254(e)(2)'s introductory language does not preclude federal hearings on excuses for procedural default at the state level." 281 F.3d at 413. The Court of Appeals' conclusion was based on two principal reasons. First, that a hearing used to support an excuse for procedural default is not a hearing on "a claim" under AEDPA because it is not a claim for relief on the merits. *Id.* at 417-18. Second, that a state prisoner "cannot be faulted…for not having previously presented the facts underlying arguments that would have been, on the whole, irrelevant or premature before state courts." *Id.* at 417. *Cristin's* reasoning also applies to the issue of whether the petitioner can avoid AEDPA's statute of limitations and receive merits review of an otherwise time-barred claim.

The Court of Appeals recently explained that the Supreme Court's 2022 decision in *Shinn v. Ramirez*, 596 U.S. 366, 381 (2022) "suggests that '[t]here is good reasons to doubt' our reading of the word 'claim' in *Cristin*, [but] it [did] not abrogate [*Cristin's*] holding that, generally, AEDPA's text does not forbid federal courts from developing the facts needed to excuse a procedural default." *Williams*, 45 F.4th at 723. But *Shinn* does set limits on *Cristin's* reach. *Shinn* makes clear that, when a prisoner is at fault for failing to develop the record needed to support a constitutional claim on the merits in state court and cannot satisfy § 2254(e)(2)'s exceptions, federal courts may not consider evidence first gathered during an excuse hearing allowed by *Cristin* to decide the constitutional claim *on the merits*. *Id.* at 1738.

evidentiary hearing"). The events recorded on the DVD  do not establish that this is one of the rare

cases in which the "actual innocence" exception to AEDPA's statute of limitations is implicated.

Based on the foregoing, Beal's Motion for an Evidentiary Hearing (ECF 30) is DENIED.


SO ORDERED this 14th day of June, 2024


/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge